IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN JULIUS MUCHA, | : | |
|     Plaintiff | : | NO. 11-CV-0624 |
| | : | |
| v. | : | |
| | : | CIVIL ACTION LAW |
| JAMES BOEHM, et al., | : | |
|     Defendant | : | JUDGE JOHN PADOVA |

**BRIEF IN SUPPORT OF DEFENDANT EMILIA CAPUTO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

I    **Factual and Procedural History**

The factual and procedural histories are contained in Defendant Emilia Caputo's Motion to Dismiss.

II.    **Statement of Questions Involved**

    A.    Whether this Honorable Court should grant Emilia Caputo's Motion to Dismiss as Plaintiff has failed to plead any facts to support a claim under §1983?

        Suggested Answer: **Yes.**

    B.    Whether this Honorable Court should grant Emilia Caputo's Motion to Dismiss as Plaintiff improperly relies on the theory of respondeat superior?

        Suggested Answer: **Yes.**

    C.    Whether this Honorable Court should grant Emilia Caputo's Motion to Dismiss as Plaintiff improperly attempts to place §1983 liability on a health care administrator?

        Suggested Answer: **Yes.**

### III. Argument

The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove consistent with the allegations in the Complaint. Hishon v. Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984); Bartholomew v. Fischl, 782 F.2d 1148, 1152 (3d Cir. 1986). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Smith v. City of Philadelphia, 2008 WL 2221894, *1 (E.D. Pa. 2008)(*citing* Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007)).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In Fowler v. UPMC Shadyside, 578 F.3d 203, (3d Cir. 2009), the Third Circuit, applying Iqbal, articulated a two part test that Third Circuit District Courts must conduct in evaluating whether allegations in a complaint survive a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Id. at 210-211 (*internal citations omitted*). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.' " Iqbal, 129 S.Ct. at 1950. This "plausibility"

determination under step two of the analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

A.     **Plaintiff's Complaint fails to state a claim under 42 U.S.C. §1983.**

"To make a colorable claim of medical treatment so inadequate that it violates the Eighth Amendment's prohibition against cruel and unusual punishment, plaintiff must allege not mere inadvertent failure to provide adequate medical care, but deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105, 97 S.Ct. 285, 291 (1976). Deliberate indifference is more than inadvertence or a good faith error; it is characterized by obduracy and wantonness. Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986). Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at 106. Only unnecessary and wanton infliction of pain or deliberate indifference to the serious medical needs of prisoners are sufficiently egregious to rise to the level of a constitutional violation. Id. at 108-09.

Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. United States ex rel. Walker v. Fayette County Pennsylvania, 599 F.2d 573, 575 n. 2 (3d Cir. 1979). Moreover, a defendant's conduct must have a close causal connection to plaintiff's injury for liability under §1983 to attach. Martinez v. California, 444 U.S. 277, 285, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980). Denial or delay of medical treatment is serious when it results in "unnecessary and wanton infliction of pain" or "where denial or delay causes an inmate to suffer life-long handicap or permanent loss." Monmouth County Corr. Inst. Inmates v. Lazaro 834 F. 2d 326, 347 (3d Cir. 1987)(*citations omitted*). "In sum, negligence, unsuccessful medical treatment, or medical

malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference". Iseley v. Beard, 2009 WL 3199694, *4 (M.D. Pa. 2009)(*citing* Durmer, 991 F.2d at 69).

Further, "mere disagreement with [a prison medical staffs'] prescription decision, without more, does not state an Eighth Amendment violation." Catchings v. Marrow, 160 Fed.Appx. 256, 258, 2005 WL 3542573, *1 (3d Cir. 2005)(*citations omitted*).

> [W]here a dispute in essence entails no more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as constitutional claims under § 1983 since "the exercise by a doctor of his professional judgment is never deliberate indifference."

Washington v. Grace, 2010 WL 2632362, *5 (M.D. Pa. 2010)(*citing* Gindraw v. Dendler, 967 F.Supp. 833, 836 (E.D. Pa. 1997)).

When a delay of medical treatment is alleged, a plaintiff can only establish deliberate indifference where necessary medical treatment is delayed for a non-medical reason. Monmouth Lanzaro, 834 F.2d at 346 (3d Cir. 1987); Ordonez v. Yost, 289 F. App'x. 553, 555 (3d Cir. 2008); *See also* Smith v. Lowe, 3:10-CV-749, 2011 WL 577336 (M.D. Pa. Feb. 9, 2011)(*Granting the defendant's motion to dismiss where the* "Amended Complaint has not provided any facts which could support an allegation that medication was denied for a non-medical reason, therefore his claim sounds solely in negligence and cannot be pursued under § 1983)).

In the instant case, Plaintiff's factual allegations fall far short of what is required to show an entitlement to relief necessary to satisfy the "plausibility" prong of Fowler's two step analysis. First and foremost, aside from naming Emilia Caputo as a Defendant, the Complaint fails to even mention Defendant Caputo, let alone allege that she committed a constitutional violation.

> The only averments contained in Complaint with regard to medical treatment are:
>
> Plaintiff and his cellmates remained, bleeding, and severely injured, without receiving any medical attention whatsoever for a duration of approximately one and a half hours. During the shift change, one and a half hours after the attack, the new corrections officer on duty <u>took Plaintiff and cellmates to a nurse for examination.</u>

(Doc. 1, ¶¶38-39)(*emphasis added*). Nowhere does Plaintiff allege he was denied medical treatment or provided with deficient treatment. **In fact, Plaintiff admits that he was examined by a nurse immediately upon being taken to the medical department.** Plaintiff does <u>not</u> claim that any medical staff member was aware of his alleged injuries prior to the time when he was taken to, and examined by a nurse. Further, Plaintiff does <u>not</u> allege that Emilia Caputo had any knowledge of this incident, or that she failed to provide him medical treatment. Plaintiff's Complaint alleges that he was released four days after the alleged attack; however it fails to allege that he was denied medical treatment or provided inadequate treatment during this time.

Thus, Plaintiff has failed to plead facts necessary to show a plausible entitlement to relief under §1983.

  **B.  Plaintiff improperly relies on the theory of respondeat superior.**

Every Defendant against whom a suit is brought must be shown to have been involved in the complaint of conduct. <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976). A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). "Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim." <u>Smith</u>, 2011 WL 577336 at *2 (*citing* <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); <u>Hampton</u>, 546 F.2d 1077).

Personal involvement can be shown through allegations of personal direction or of actual personal knowledge and acquiescence. Id. Such facts must be pled with appropriate particularity. Id.

In the instant case, as stated above, Plaintiff's Complaint fails to mention Emilia Caputo, other than to list her as a defendant, and fails to allege that she committed constitutional violations. Thus, Plaintiff has failed to show that Emilia Caputo was personally involved in his treatment and has not pled his claim with the required level of particularity.

### C. Heath Care Administrator Not Liable Under §1983

Third Circuit District Courts have refused to find health care administrators deliberately indifferent when the prisoner is receiving treatment from a doctor. Miller v. Hoffman, 1999 WL 415397, *11 (E.D. Pa. 1999). See also Freed v. Horn, 1995 WL 710529, *3-4 (E.D. Pa. 1995) (finding health care administrator and other prison officials who may have had supervisory positions over treating physician were not liable under §1983 because they did not personally participate in treating plaintiff's medical condition); McAleese v. Owens, 770 F.Supp. 225, 262 (M.D. Pa. 1991) (finding health care administrator not liable under §1983 because he was not a physician and was not in position to assess the reasonableness of prison doctor's treatment).

Further, an Eastern District court has specifically held that *a health care administrator cannot be liable under § 1983 for refusal to permit prisoner to consult with an outside physician.* Hull v. Dotter, 1997 WL 327551, *4 (E.D. Pa. 1997)(*emphasis added*).

> As the Court stated in Ascenzi v. Diaz, 2007 WL 1031516, *4 (M.D. Pa.), a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians.

Mueller v. Centre County, 2009 WL 4912305, *10 (M.D. Pa., 2009).

In the instant case, Plaintiff's own Complaint shows that he was examined by a nurse immediately upon being taken to see her. There is no allegation that Emilia Caputo had knowledge of this incident. Defendant Caputo, as the medial administrator at NCP, is entitled to rely on the medical treatment decisions rendered by the medical providers.

## IV. Conclusion

In light of the forgoing, Emilia Caputo respectfully requests that this Honorable Court grant her Motion and dismiss Plaintiff's Complaint with prejudice.

**GOLDBERG KATZMAN, P.C.**

By: /s/Thomas E. Brenner
Thomas E. Brenner, Esquire
Attorney ID No. 32085
S. Baker Kensinger, Esquire
Attorney ID No. 208305
P.O. Box 1268
Harrisburg, PA  17108-1268
(717)234-4161
*Attorneys for Defendant Emilia Caputo*

Date: May 9, 2011

## CERTIFICATE OF SERVICE

I hereby certify that I am this date serving a copy of the foregoing document upon the person(s) set forth below either by e-mail or first class mail, postage prepaid:

Brian M. Monahan, Esquire
701 Washington Street
Easton, PA 18042
*Counsel for Plaintiff*

Nicholas Sabatine, III, Esquire
16 S. Broadway
Wind Gap, PA 18091
*Counsel for Plaintiff*

Gerard J. Geiger, Esquire
712 Monroe Street
PO Box 511
Stroudsburg, PA 18360-0511
*Attorney for Defendants James Boehm, Todd Buskirk,
William Sweeney, Ann McHale, Northampton County,
John Stoff, Robert Meyers, John McGeehan, John Conklin*

JOSE FERMUNDEZ
HZ6950
10745 ROUTE 18
ALBION, PA 16475-0002
*Pro Se Defendant*

GOLDBERG KATZMAN, P.C.

By: /s/Thomas E. Brenner
  Thomas E. Brenner, Esquire
  Attorney ID No. 32085
  S. Baker Kensinger, Esquire
  Attorney ID No. 208305
  P.O. Box 1268
  Harrisburg, PA 17108-1268
  (717)234-4161
  *Attorneys for Defendant Emilia Caputo*

Date: May 9, 2011