IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN JULIUS MUCHA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES BOEHM, ET AL. | : | NO. 11-624 |

### ORDER

AND NOW, this 20th day of June, 2011, upon consideration of Defendant Emilia Caputo's Motion to Dismiss (Docket No. 16), **IT IS HEREBY ORDERED** as follows:

1. The Motion is **GRANTED**.[1]

---

[1] Plaintiff John Julius Mucha, a prisoner incarcerated at the Northampton County Prison, brought this action pursuant to 42 U.S.C. § 1983 against various prisoners and county and prison officials, in connection with a prison beating in which he sustained significant, severe, and permanent bodily injury. Defendant Emilia Caputo has moved to dismiss Plaintiff's claims against her on the ground that the Complaint fails to state a claim against her upon which relief may be granted. Plaintiff has not responded to Caputo's Motion. The Complaint states that Caputo is the "Primecare Medical Administrator" and is "in charge of Health Care services at Northampton County Prison." (Compl. ¶ 11.) The Complaint asserts that Caputo and six other Defendants are liable "for the reckless, willful, wrongful, deliberate, negligent, and unlawful conduct against Plaintiff by nature of their policy, custom or practice of permitting, acquiescing, or encouraging a dangerous environment." (Id. ¶ 45; see also id. ¶ 48.) The Complaint also makes a series of allegations against "all the Defendants," all of which relate to the hiring, investigation, training, and supervision of corrections officers, and do not relate to the provision of medical care for prisoners. (Id. ¶ 49(a)-(k).)

As a general rule, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Id. The United States Court of Appeals for the Third Circuit has set forth the elements of a supervisory liability claim under section § 1983 as follows:

> The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure.

Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) ("Muhlenberg") (citing Sample v.

2. All claims against Defendant Emilia Caputo are **DISMISSED** and she is **DISMISSED** as a Defendant in this action.

BY THE COURT:

_____
John R. Padova, J.

---

Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).
    The Complaint contains no factual averments that would satisfy any of the five elements outlined in Muhlenberg. In order to state a claim upon which relief may be granted, a plaintiff need not make "'detailed factual allegations,'" but the plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). An unadorned, the-defendant-unlawfully-harmed-me accusation is all that Plaintiff has provided with respect to Caputo. Accordingly, we conclude that the Complaint fails to state a claim against Caputo upon which relief may be granted and we grant Caputo's Motion to Dismiss Plaintiff's claims against her.